**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

LEOLA SMITH
1812 9th Street, NW
Washington, DC 20001

Plaintiff,

v. : **Case No. ________________**

THE FREEMAN COMPANIES
1421 W. Mockingbird Lane
Dallas, TX 75247

Trading as:

FREEMAN DECORATING SERVICES, INC.
9900 Business Parkway
Lanham, MD 20706

Serve Resident Agent

C T Corporation System
1015 15th Street, N.W. Ste. 1000
Washington, DC 20005

and

JAMES FREY
9900 Business Parkway
Lanham, MD 20706

Defendants

************************************************************************

**COMPLAINT**

COMES NOW, the Plaintiff, Leola Smith, by and through her attorneys, Brian J. 11Markovitz and Timothy F. Maloney and the law firm of Joseph, Greenwald & Laake, P.A., and sues the Defendants, The Freeman Companies, trading as Freeman Decorating Services, Inc. ("Freeman") and James Frey, and in support thereof, states as follows:

Joseph Greenwald & Laake
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

**JURISDICTION**

1. The Court has jurisdiction of Plaintiff's claims under District of Columbia Code, § 11-921, §13-423, and the District of Columbia Human Rights Act, District of Columbia Code, § 2-1401.01

**VENUE**

2. This action involves race discrimination in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C.Code § 2-1401.01 *et seq*. Venue is proper in the District of Columbia because the work Plaintiff performed for Defendant was exclusively within the District of Columbia and because the Defendant is located in, and/or is doing business in the District of Columbia.

**PARTIES**

3. Plaintiff, Leola Smith, is a fifty-eight (58) year old, female citizen of the District of Columbia residing at 1812 9th Street, NW, Washington, DC 20001. Plaintiff was employed to work for Freeman through Local Union #639 as a Teamster on April 9, 1992 and continued her employment until her termination on July 11, 2005.

4. Defendant, The Freeman Companies is a Texas corporation trading as Freeman Decorating Services Inc., doing business in the District of Columbia and their local office is located at 9900 Business Parkway, Lanham, MD 20706

5. Defendant, James Frey is an employee of Freeman Decorating Services, Inc. located at 9900 Business Parkway, Lanham, MD 20706 and believed to live in the Baltimore, Maryland area.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

**FACTS**

6. In 1992, Plaintiff became eligible to work for employers who used Local Union #639.

7. Plaintiff began work for Freeman through Local Union #639 as a Teamster on or about April 9, 1992 and worked with Freeman up until on or about July 11, 2005 when she was illegally terminated.

8. In 1999, while working with Freeman. Plaintiff was elected and became a Shop Stewart with Local Union #639.[1]

9. On or about July 11, 2005, at or around 3:30 PM, Plaintiff observed Freeman's Co-Foreman, Mr. James Frey operating a forklift on the loading dock and asked him whether he should be performing labor work. He rudely responded to her by saying that he could do anything he wanted to do.

10. As part of the Plaintiff's job, on or about July 11, 2005, she was responsible for taking pictures of the freight that came in from the trucks to verify that the correct inventory was there and that it was not damaged. Later that same day, on or about July 11, 2005, Plaintiff used a camera given to her by a foreman working for Freeman to take a picture of the freight coming to the dock.

11. On or around July 11, 2005, after taking a picture of the freight, Plaintiff continued to deliver freight on her forklift when she stopped and reported to Freeman's Freight Operations Manager, Rick Davis, that Mr. Frey was operating a forklift. Mr. Davis responded by stating that Mr. Frey was a teamster and could do anything he wanted to do. Plaintiff,

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

[1] A Shop Stewart is a Union elected employee that supervises other Union employees on a job sight and receives a higher wage than other workers.

satisfied that Mr. Frey was a teamster, left Mr. Davis' office and proceeded to go about her own work.

12. Upon returning to the Loading Dock, Plaintiff began to operate the forklift. Plaintiff then was confronted by both Mr. Davis and Mr. Frey and told to get off the forklift, park it, clock out, and go home.

13. Mr. Davis and Mr. Frey further aggressively yelled and confronted Plaintiff requesting that she explain why she had taken pictures of Mr. Frey with the camera. The Plaintiff, of course, did not take pictures of Mr. Frey and had been taking pictures of some of the freight being unloaded from one of the trucks. Plaintiff then denied the accusations made by the men. Mr. Davis and Mr. Frey continued to yell at Plaintiff using obscenities.

14. Plaintiff became upset and got off the forklift, and Mr. Davis and Mr. Frey argued with her at which point Mr. Davis terminated her employment with Freeman.

15. Unsure of what to do and very upset, Plaintiff got back on the forklift. Mr. Frey followed Plaintiff, ran over to where she was and proceeded to yell at her using various profanities and called her a "black bitch." Mr. Frey then proceeded to take the propane hook-up off the forklift, and as the Plaintiff went to remove the keys from the ignition, he grabbed her right hand and slammed it into the forklift, causing her pain, anguish, and humiliation.

16. Plaintiff immediately left the area and out of a concern for her safety called the Police to report the assault.

17. That same day, on or about July 11, 2005, at or around 4:15 PM, Officer Willie Lawrence III responded to investigate the incident. During his investigation, Mr. Davis and Mr. Frey stated that Plaintiff had been aggressive towards them. As part of his investigation, Officer Lawrence reviewed videotape footage that had been taped by a surveillance camera.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

Officer Lawrence determined from the videotape that Mr. Davis and Mr. Frey were lying to him about Plaintiff being the aggressor of the incident. However, there were no arrests made.

18. That same day, on or about July 11, 2005, at or around 6:30 PM, Mr. Davis asked that the Plaintiff's Business Manager escort her out of the convention center because he had terminated her.

19. Plaintiff, despite attempting to find other work through the union, was unable to find other employment until on or about August 9, 2005, Plaintiff was given a job by Union #639 to work for Brede Expo Company and was told to report to the Convention Center on August 9, 2005. Upon arriving at the Convention Center, she realized that the vendor she was to report to was not at the convention center. The Plaintiff called her Business Manager, and they informed her that the Union had sent her to the wrong location.

20. At this point, Mr. Davis saw the Plaintiff and began to chastise her with hurtful words and said that she was not allowed to be at the convention center. He threatened to call the Police if she did not leave. Mr. Davis was not authorized ask her to leave the dock of the convention center and was simply harassing the Plaintiff and making her feel uncomfortable.

21. Mr. Davis proceeded to call the police, but the Plaintiff had left to report to the job that she was assigned by the Union.

22. On or around August 26, 2005, Union #639 provided Plaintiff with another job at the convention center through a different vendor, Uneek Expo, Inc. While working on the dock at the Convention Center, she was approached by Mr. Davis and Mr. Jeffrey Fugle, a Freeman Freight Operations Supervisor and also a white male. Mr. Davis, with the assistance of Mr. Fugle, once again chastised Plaintiff and made her feel uncomfortable in front of her

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

peers on the loading dock. Since the Plaintiff was working on the dock for another vendor, she was authorized to work on the dock to take care of her employment responsibilities.

23. Mr. Davis and Mr. Fugle continued to harass the Plaintiff and then proceeded to call the police and tried to have the Plaintiff forcibly removed from the Convention Center. Officer Gregory Wise arrived on the scene and Plaintiff explained to Officer Wise that she was working for a different vendor and that she was allowed to be on the dock as part of her job. The Officer was about to handcuff Plaintiff, further embarrassing and humiliating her in front of her peers, when he called the Union and was told that the Plaintiff was working for another vendor and was authorized to work on the dock. This unfortunate incident would not have happened if Mr. Davis and Mr. Fugle had not to further harassed the Plaintiff and inappropriately called the police.

24. On or around September 6, 2005, Plaintiff went to the Equal Employment Opportunity Commission (EEOC) and filed a claim asserting race discrimination and retaliation. On or about October 29, 2006, the EEOC rendered a finding of cause against Defendant Freeland, finding that the Defendant had violated Title VII by retaliating against Plaintiff. On February 16, 2007, the EEOC issued a Notice of Right to Sue within 90 days to the Plaintiff.

**CAUSES OF ACTION**
**COUNT I**
**(Race Discrimination in Violation of the DCHRA, DC Code § 2-1402.11, et. seq)**

25. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

26. Plaintiff, an African-American female, is a member of the class of persons protected by the DCHRA DC Code § 2-1402.11, et. seq, which makes it an unlawful employment practice for an employer to discriminate against an employee because of race.

27. The acts and omissions of Defendant, were in violation of DCHRA, DC Code § 2-1402.11, et. seq. The Act imposes certain duties upon Defendant concerning discrimination against persons, such as Plaintiff, on the basis of race. The Act was intended to prevent the type of injury and damage set forth herein.

28. Defendant by engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff based on her race, including terminating her from employment.

WHEREFORE, the Plaintiff demands judgment against Defendant, Freeman Companies, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT II**
**(Retaliation in Violation of the DCHRA,**
**DC Code §§1402.61; § 2-1402.11, et. seq)**

29. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30. As alleged herein and in violation of DCHRA, DC Code §§1402.61, Defendant discriminated against and wrongfully terminated the employment of Plaintiff in retaliation for

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

filing various grievances opposing the race discrimination and harassment to which she was subjected.

WHEREFORE, the Plaintiff demands judgment against Defendant, Freeman, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT III**
**(Race Discrimination in Violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a))**

31. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

32. Plaintiff, an African-American female, is a member of the class of persons protected by the Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a), which makes it an unlawful employment practice for an employer to discriminate against an employee because of race.

33. The acts and omissions of Defendant were in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a). Title VII imposes certain duties upon Defendant concerning discrimination against persons, such as Plaintiff, on the basis of race. Title VII is intended to prevent the type of injury and damage that the Plaintiff has sustained.

34. Defendant, by engaging in the aforementioned acts and/or in ratifying such acts, engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful and conscious disregard of the rights, welfare and safety of Plaintiff based on her race.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

WHEREFORE, the Plaintiff demands judgment against Defendant, Freeman Companies, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT IV**
**(Retaliation in Violation of Title VII of The Civil Rights Act 42 U.S.C. § 2000e-2(a) and 3(a))**

35. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

36. As alleged herein and in violation of Title VII of The Civil Rights Act, 42 U.S.C. § 2000e-2(a) and 3(a), Defendant discriminated against and wrongfully terminated the employment of Plaintiff in retaliation for filing various grievances opposing the race discrimination and harassment to which she was subjected.

WHEREFORE, the Plaintiff demands judgment against Defendant, Waste Management, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT V**
**(Assault)**

37. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38. Defendant Frey verbally harassed Ms. Smith.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

39. Defendant Frey acted with the intent and capability to commit a assault on Ms. Smith.

40. Defendant Frey's actions caused Ms. Smith to be put in reasonable apprehension of an imminent battery.

41. Defendant Frey's conduct was perpetrated with actual malice as these assaults were unprovoked.

42. As a result of Defendant Frey's conduct and actions, Ms. Smith has suffered and will continue to suffer severe mental anguish, emotional distress and loss of income.

WHEREFORE, Plaintiff demands judgment jointly and severally against Defendant Frey for damages in the amount One Million Dollars ($1,000,000.00), with interest and costs.

**COUNT VI**
**(Battery)**

43. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

44. Defendant Frey committed unwanted physical acts against Ms. Smith.

45. The Defendants' conduct constituted unwanted, offensive, intentional touching of Ms. Smith by Defendant Frey were undertaken deliberately and with actual malice as these batteries were unprovoked.

46. As a result of Defendant Frey's conduct and actions, Ms. Smith has suffered and will continue to suffer severe mental anguish, emotional distress and loss of income.

WHEREFORE, the Plaintiff demands judgment against Defendant, Waste Management, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

the case may require and which this Honorable Court shall deem just and proper.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: ______________________

Timothy F. Maloney D.C. Bar # 416522
Brian J. Markovitz, D.C. Bar # 481517
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
(301) 220-1214 (facsimile)
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing compliant.

______________________
Brian J. Markovitz

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

LEOLA SMITH
1812 9th Street, NW
Washington, DC 20001

Plaintiff,

v. **Case No.** ______________

THE FREEMAN COMPANIES
1421 W. Mockingbird Lane
Dallas, TX 75247

Trading as:

FREEMAN DECORATING SERVICES, INC.
9900 Business Parkway
Lanham, MD 20706

Serve Resident Agent

C T Corporation System
1015 15th Street, N.W. Ste. 1000
Washington, DC 20005

and

JAMES FREY
9900 Business Parkway
Lanham, MD 20706

Defendants

****************************************************************************

**LINE**

SIR/MADAM CLERK:

The Plaintiff respectfully requests the issuance of summonses for the above-named Defendants and the kindly return of such to the undersigned for service by private process.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: ______________________
Timothy F. Maloney D.C. Bar # 416522
Brian J. Markovitz, D.C. Bar # 481517
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
(301) 220-1214 (facsimile)
*Attorneys for Plaintiff*

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

07-0908 H ESH

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

LEOLA SMITH
1812 9th Street, NW
Washington, D.C. 20001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Washington, DC 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

THE FREEMAN COMPANIES, ETAL
1421 W. Mockingbird Lane
Dallas, TX 75247

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph, Greenwald & Laake, P.A.
Timothy Maloney
Brian J. Markovitz
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200

Case: 1:07-cv-00908
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/15/2007
Description: Employment Discrimination

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**A. *Antitrust***

- 410 Antitrust

**B. *Personal Injury/ Malpractice***

- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**C. *Administrative Agency Review***

- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. *General Civil (Other)*** OR **F. *Pro Se General Civil***

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

Prisoner Petitions
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

Property Rights
- 820 Copyrights
- 830 Patent
- 840 Trademark

Federal Tax Suits
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

Other Statutes
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* (selected) | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

D.C. Code Section 2-1402.11 et seq.; 42 U.S.C. Section 2000 et seq. - Race Discrimination

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ____ Check YES only if demanded in complaint **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** May 15, 2007 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.