IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH<br>1812 9th Street, NW<br>Washington, DC 20001<br><br>     Plaintiff,<br><br>v.<br><br>THE FREEMAN COMPANIES<br>1421 W. Mockingbird Lane<br>Dallas, TX 75247<br><br>Trading as:<br><br>FREEMAN DECORATING<br>SERVICES, INC.<br>9900 Business Parkway<br>Lanham, MD 20706<br><br>Serve Resident Agent<br><br>C T Corporation System<br>1015 15th Street, N.W. Ste. 1000<br>Washington, DC 20005<br><br>and<br><br>JAMES FREY<br>9900 Business Parkway<br>Lanham, MD 20706<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>**Case No. 1:07-CV-00908 ESH** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Leola Smith, by and through her attorneys, Brian J. Markovitz and Timothy F. Maloney and the law firm of Joseph, Greenwald & Laake, P.A., and sues the Defendants, The Freeman Companies, trading as Freeman Decorating Services, Inc. ("Freeman") and James Frey, and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action involves employment discrimination, which occurred within the boundaries of Washington, D.C. in violation of 42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964. Additionally, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims, including those claims under the D.C. Human Rights Act, DCHRA DC Code § 2-1402.11, et. seq,.

2. Venue is proper in the District of Columbia under 28 U.S.C. § 1391 because the Plaintiff resides in and Defendant performs business and is located in the District of Columbia.

## PARTIES

3. Plaintiff, Leola Smith, is a fifty-eight (58) year old, female citizen of the District of Columbia residing at 1812 9th Street, NW, Washington, DC 20001. Plaintiff was employed to work for Freeman through Local Union #639 as a Teamster on April 9, 1992 and continued her employment until her termination on July 11, 2005.

4. Defendant, The Freeman Companies is a Texas corporation trading as Freeman Decorating Services Inc., doing business in the District of Columbia and their local office is located at 9900 Business Parkway, Lanham, MD 20706

5. Defendant, James Frey is an employee of Freeman Decorating Services, Inc. located at 9900 Business Parkway, Lanham, MD 20706 and believed to live in the Baltimore, Maryland area.

## **FACTS**

6. In 1992, Plaintiff became eligible to work for employers who used Local Union #639.

7. Plaintiff began work for Freeman through Local Union #639 as a Teamster on or about April 9, 1992 and worked with Freeman up until on or about July 11, 2005 when she was illegally terminated.

8. In 1999, while working with Freeman. Plaintiff was elected and became a Shop Stewart with Local Union #639.[1]

9. On or about July 11, 2005, at or around 3:30 PM, Plaintiff observed Freeman's Co-Foreman, Mr. James Frey operating a forklift on the loading dock and asked him whether he should be performing labor work. He rudely responded to her by saying that he could do anything he wanted to do.

10. As part of the Plaintiff's job, on or about July 11, 2005, she was responsible for taking pictures of the freight that came in from the trucks to verify that the correct inventory was there and that it was not damaged. Later that same day, on or about July 11, 2005, Plaintiff used a camera given to her by a foreman working for Freeman to take a picture of the freight coming to the dock.

11. On or around July 11, 2005, after taking a picture of the freight, Plaintiff continued to deliver freight on her forklift when she stopped and reported to Freeman's Freight Operations Manager, Rick Davis, that Mr. Frey was operating a forklift. Mr. Davis responded by stating that Mr. Frey was a teamster and could do anything he wanted to do. Plaintiff,

---

[1] A Shop Stewart is a Union elected employee that supervises other Union employees on a job sight and receives a higher wage than other workers.

satisfied that Mr. Frey was a teamster, left Mr. Davis' office and proceeded to go about her own work.

12. Upon returning to the Loading Dock, Plaintiff began to operate the forklift. Plaintiff then was confronted by both Mr. Davis and Mr. Frey and told to get off the forklift, park it, clock out, and go home.

13. Mr. Davis and Mr. Frey further aggressively yelled and confronted Plaintiff requesting that she explain why she had taken pictures of Mr. Frey with the camera.  The Plaintiff, of course, did not take pictures of Mr. Frey and had been taking pictures of some of the freight being unloaded from one of the trucks.  Plaintiff then denied the accusations made by the men.  Mr. Davis and Mr. Frey continued to yell at Plaintiff using obscenities.

14. Plaintiff became upset and got off the forklift, and Mr. Davis and Mr. Frey argued with her at which point Mr. Davis terminated her employment with Freeman.

15. Unsure of what to do and very upset, Plaintiff got back on the forklift.  Mr. Frey followed Plaintiff, ran over to where she was and proceeded to yell at her using various profanities and called her a "black bitch."  Mr. Frey then proceeded to take the propane hook-up off the forklift, and as the Plaintiff went to remove the keys from the ignition, he grabbed her right hand and slammed it into the forklift, causing her pain, anguish, and humiliation.

16. Plaintiff immediately left the area and out of a concern for her safety called the Police to report the assault.

17. That same day, on or about July 11, 2005, at or around 4:15 PM, Officer Willie Lawrence III responded to investigate the incident.  During his investigation, Mr. Davis and Mr. Frey stated that Plaintiff had been aggressive towards them.  As part of his investigation, Officer Lawrence reviewed videotape footage that had been taped by a surveillance camera.

Officer Lawrence determined from the videotape that Mr. Davis and Mr. Frey were lying to him about Plaintiff being the aggressor of the incident. However, there were no arrests made.

18. That same day, on or about July 11, 2005, at or around 6:30 PM, Mr. Davis asked that the Plaintiff's Business Manager escort her out of the convention center because he had terminated her.

19. Plaintiff, despite attempting to find other work through the union, was unable to find other employment until on or about August 9, 2005, Plaintiff was given a job by Union #639 to work for Brede Expo Company and was told to report to the Convention Center on August 9, 2005. Upon arriving at the Convention Center, she realized that the vendor she was to report to was not at the convention center. The Plaintiff called her Business Manager, and they informed her that the Union had sent her to the wrong location.

20. At this point, Mr. Davis saw the Plaintiff and began to chastise her with hurtful words and said that she was not allowed to be at the convention center. He threatened to call the Police if she did not leave. Mr. Davis was not authorized ask her to leave the dock of the convention center and was simply harassing the Plaintiff and making her feel uncomfortable.

21. Mr. Davis proceeded to call the police, but the Plaintiff had left to report to the job that she was assigned by the Union.

22. On or around August 26, 2005, Union #639 provided Plaintiff with another job at the convention center through a different vendor, Uneek Expo, Inc. While working on the dock at the Convention Center, she was approached by Mr. Davis and Mr. Jeffrey Fugle, a Freeman Freight Operations Supervisor and also a white male. Mr. Davis, with the assistance of Mr. Fugle, once again chastised Plaintiff and made her feel uncomfortable in front of her

peers on the loading dock. Since the Plaintiff was working on the dock for another vendor, she was authorized to work on the dock to take care of her employment responsibilities.

23. Mr. Davis and Mr. Fugle continued to harass the Plaintiff and then proceeded to call the police and tried to have the Plaintiff forcibly removed from the Convention Center. Officer Gregory Wise arrived on the scene and Plaintiff explained to Officer Wise that she was working for a different vendor and that she was allowed to be on the dock as part of her job. The Officer was about to handcuff Plaintiff, further embarrassing and humiliating her in front of her peers, when he called the Union and was told that the Plaintiff was working for another vendor and was authorized to work on the dock. This unfortunate incident would not have happened if Mr. Davis and Mr. Fugle had not further harassed the Plaintiff and inappropriately called the police.

24. On or around September 6, 2005, Plaintiff went to the Equal Employment Opportunity Commission (EEOC) and filed a claim asserting race discrimination and retaliation. On or about October 29, 2006, the EEOC rendered a finding of cause against Defendant Freeland, finding that the Defendant had violated Title VII by retaliating against Plaintiff. On February 16, 2007, the EEOC issued a Notice of Right to Sue within 90 days to the Plaintiff.

### CAUSES OF ACTION
### COUNT I
**(Race Discrimination in Violation of the DCHRA, DC Code § 2-1402.11, et. seq)**

25. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26. Plaintiff, an African-American female, is a member of the class of persons protected by the DCHRA DC Code § 2-1402.11, et. seq, which makes it an unlawful employment practice for an employer to discriminate against an employee because of race.

27. The acts and omissions of Defendant, were in violation of DCHRA, DC Code § 2-1402.11, et. seq.  The Act imposes certain duties upon Defendant concerning discrimination against persons, such as Plaintiff, on the basis of race.  The Act was intended to prevent the type of injury and damage set forth herein.

28. Defendant by engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff based on her race, including terminating her from employment.

WHEREFORE, the Plaintiff demands judgment against Defendant, Freeman Companies, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars  ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

### COUNT II
**(Retaliation in Violation of the DCHRA,
DC Code §§1402.61; § 2-1402.11, et. seq)**

29. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30. As alleged herein and in violation of DCHRA, DC Code §§1402.61, Defendant discriminated against and wrongfully terminated the employment of Plaintiff in retaliation for

filing various grievances opposing the race discrimination and harassment to which she was subjected.

WHEREFORE, the Plaintiff demands judgment against Defendant, Freeman, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

### COUNT III
**(Race Discrimination in Violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a))**

31. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

32. Plaintiff, an African-American female, is a member of the class of persons protected by the Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a), which makes it an unlawful employment practice for an employer to discriminate against an employee because of race.

33. The acts and omissions of Defendant were in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a). Title VII imposes certain duties upon Defendant concerning discrimination against persons, such as Plaintiff, on the basis of race. Title VII is intended to prevent the type of injury and damage that the Plaintiff has sustained.

34. Defendant, by engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff based on her race.

WHEREFORE, the Plaintiff demands judgment against Defendant, Freeman Companies, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT IV
### (Retaliation in Violation of Title VII of The Civil Rights Act 42 U.S.C. § 2000e-2(a) and 3(a))

35. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

36. As alleged herein and in violation of Title VII of The Civil Rights Act, 42 U.S.C. § 2000e-2(a) and 3(a), Defendant discriminated against and wrongfully terminated the employment of Plaintiff in retaliation for filing various grievances opposing the race discrimination and harassment to which she was subjected.

WHEREFORE, the Plaintiff demands judgment against Defendant, Waste Management, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT V
### (Assault)

37. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38. Defendant Frey verbally harassed Ms. Smith.

39. Defendant Frey acted with the intent and capability to commit a assault on Ms. Smith.

40. Defendant Frey's actions caused Ms. Smith to be put in reasonable apprehension of an imminent battery.

41. Defendant Frey's conduct was perpetrated with actual malice as these assaults were unprovoked.

42. As a result of Defendant Frey's conduct and actions, Ms. Smith has suffered and will continue to suffer severe mental anguish, emotional distress and loss of income.

WHEREFORE, Plaintiff demands judgment jointly and severally against Defendant Frey for damages in the amount One Million Dollars ($1,000,000.00), with interest and costs.

## COUNT VI
### (Battery)

43. Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

44. Defendant Frey committed unwanted physical acts against Ms. Smith.

45. The Defendants' conduct constituted unwanted, offensive, intentional touching of Ms. Smith by Defendant Frey were undertaken deliberately and with actual malice as these batteries were unprovoked.

46. As a result of Defendant Frey's conduct and actions, Ms. Smith has suffered and will continue to suffer severe mental anguish, emotional distress and loss of income.

WHEREFORE, the Plaintiff demands judgment against Defendant, Waste Management, in the sum of One Million Dollars ($1,000,000.00) in economic and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, plus interest, as well as attorneys fees and costs, and further and additional relief as the nature of

the case may require and which this Honorable Court shall deem just and proper.

> Respectfully submitted,
>
> JOSEPH, GREENWALD & LAAKE, P.A.
>
> By: _____/S/_____
> Timothy F. Maloney D.C. Bar # 416522
> Brian J. Markovitz, D.C. Bar # 481517
> 6404 Ivy Lane, Suite 400
> Greenbelt, MD  20770
> (301) 220-2200
> (301) 220-1214 (facsimile)
> *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing compliant.

> _____/S/_____
> Brian J. Markovitz