# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH,      ) | |
|        ) | |
|    Plaintiff,     ) | |
|        ) | |
| v.       ) | |
|        ) | Case No. 1:07-CV-00908 ESH |
| THE FREEMAN COMPANIES   ) | |

LEOLA SMITH,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )   Case No.  1:07-CV-00908 ESH
THE FREEMAN COMPANIES                 )
                                      )
            AND                       )
                                      )
JAMES FREY                            )
                                      )
        Defendants.                   )
                                      )
------------------------------------- )

## DEFENDANTS' ANSWER TO COMPLAINT

Defendant Freeman Decorating Services, Inc. (erroneously sued herein as "The Freeman Companies") ("Freeman") and James Frey ("Frey") (collectively, Freeman and Frey shall be referred to as "Defendants"), by their counsel, hereby respond to Plaintiff's first amended complaint.

## JURISDICTION AND VENUE

1.      Paragraph 1 states a legal conclusion to which no response is required.

2.      Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff resides in the District of Columbia and that Freeman does business in the District of Columbia.

## PARTIES

3.      Defendants deny the first sentence of Paragraph 3 for lack of information

and belief.  Defendants admit Plaintiff was sent to work on Freeman jobs by Teamsters Local Union # 639 at various times until she was discharged on or about July 11, 2005. Defendants deny the remaining allegations in the second sentence of Paragraph 3 for lack of information and belief.

4.     Defendants deny that the Freeman Companies is a Texas corporation trading at Freeman Decorating Services, Inc.  Defendants admit Freeman Decorating Services, Inc. is doing business in the District of Columbia, and that its local office is located at 9900 Business Parkway, Lanham, MD 20706.

5.     Defendants admit Frey lives in Baltimore, MD.  Defendants deny the remaining allegations of Paragraph 5.

<u>**FACTS**</u>

6.     Defendants deny the allegations in paragraph 6 for lack of information and belief.

7.     Defendants deny the allegations in paragraph 7 concerning her alleged work history with Freeman for lack of information and belief.  Defendants deny Plaintiff was illegally terminated.

8.     Defendants deny the allegations in paragraph 8 for lack of information and belief.

9.     Defendants admit Frey was operating a forklift on the loading dock on or about July 11, 2005.  Defendants deny the remaining allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     Defendants admit Plaintiff told Rick Davis ("Davis") that Frey was operating a forklift.  Defendants deny the remaining allegations in paragraph 11.

12.    Defendants admit Plaintiff was operating a forklift on or about July 11, 2005.  Defendants deny the remaining allegations in paragraph 12.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants admit Plaintiff got off the forklift at some point and that Davis terminated her employment at some time thereafter.  Defendants deny the remaining allegations in paragraph 14.

15.    Defendants admit Frey took the propane hook-up off the forklift at some point during this interaction.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants deny the allegations in paragraph 16 for lack of information and belief.

17.    Defendants admit a police officer investigated the incident that day, reviewed videotape footage of the area and that no arrests were made.   Defendants deny the remaining allegations in paragraph 17.

18.    Defendants deny the time alleged in paragraph 18 for lack of information and belief.  Defendants admit Davis asked the Union's Business Agent to escort Plaintiff from the convention center because he had terminated her employment.

19.    Defendants deny the allegations in paragraph 19 for lack of information and belief.

20.    Defendants deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21.

22.    Defendants deny the allegations in paragraph 22 for lack of information and belief.

23.    Defendants deny the allegations in the first sentence of paragraph 23.

Defendants deny the remaining allegations in paragraph 23 for lack of information and belief.

24.    Defendants denies Plaintiff has set forth the correct dates in the first two sentences in paragraph 24, but admits the stated actions occurred around those same dates.  Defendant admits the remaining allegations of paragraph 24.

### COUNT I -- Race Discrimination -- DCHRA

25.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    Paragraph 26 states a legal conclusion to which no response is required.

27.    Defendants deny the allegations in the first sentence of paragraph 27. Defendants aver that the remaining allegations of the Complaint state a legal conclusion to which no response is required.

28.    Defendants deny the allegations in paragraph 28.

### COUNT II -- Retaliation -- DCHRA

29.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.    Defendants deny the allegations in paragraph 30.

### COUNT III – Race Discrimination – Title VII

31.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.    Paragraph 32 states a legal conclusion to which no response is required.

33.    Defendants deny the allegations in the first sentence of paragraph 33. Defendants aver that the remaining allegations of the Complaint state a legal conclusion

to which no response is required.

34.     Defendants deny the allegations in paragraph 34.

### COUNT IV -- Retaliation – Title VII

35.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     Defendants deny the allegations in paragraph 36.

### COUNT V -- Assault

37.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

### COUNT VI -- Battery

43.     Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

## RELIEF REQUESTED

WHEREFORE, Defendants deny any liability for the conduct alleged and deny Plaintiff is entitled to any relief demanded in his Complaint.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, estoppel, release, laches, set-off, or waiver.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rule, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, to the extent that discovery may show that Plaintiff engaged in misconduct prior to or during her employment.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons and were taken without regard to Plaintiff's race and without any retaliatory motive.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her

alleged damages.

WHEREFORE, Defendants respectfully request Plaintiff's claims be dismissed.

Respectfully submitted,

**JACKSON LEWIS LLP**

By:    /s/_____
       Tyler A. Brown
       D.C. Bar No. 480693
       8614 Westwood Center Drive
       Suite 950
       Vienna, VA  22182
       (703) 821-2189
       Fax: (703) 821-2267
       ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer to Complaint was served via U.S. First Class Mail, postage prepaid on this 6th day of August 2007, to:

Brian J. Markovitz D.C. Bar No. 481517
Timothy F. Maloney D.C. Bar No. 416522
6404 Ivy Lane
Suite 400
Greenbelt, MD  20770
(301) 220-2200
Fax: (301) 220-1214
***Attorneys for Plaintiff***

/s/ _____
Tyler A. Brown