IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:07-cv-00908 |
| | : |
| THE FREEMAN COMPANIES | : |
| | : |
| et al | : |
| | : |
| Defendants | : |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the Order for Initial Scheduling Conference, the Federal Rules of Civil Procedure, and the Local Rules of this Court, counsel for the parties submit this report:

I. **Statement of the Case**

Jurisdiction of this Court is based upon 28 U.S.C. § 1331 as this is an action involving employment discrimination claims under 42 U.S.C. §§ 2000(e) et. seq., Title VII of the Civil Rights Act of 1964. Additionally, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims under the D.C. Human Rights Act, DCHRA DC Code § 2-1402.11, et. seq., and common law claims of assault and battery.

Plaintiff's Statement

Plaintiff Smith is an African American female who was employed through Local Union #639 as a Teamster by Defendant Freeman Companies for over ten years. Plaintiff's work performance was excellent. In or about June 2005, Plaintiff learned from another worker that her supervisors were referring to her as a "black bitch." On or about

June or July of 2005, after being informed by her supervisors that she was not scheduled to work a job, Plaintiff filed a grievance with her union concerning discrimination because of her race. On or about July 11, 2005, while working at the District of Columbia Convention Center, Defendant James Frey, a white male, and another white, male manager for Freeman Companies, Rick Davis, aggressively yelled at Plaintiff, including calling her racial slurs. Plaintiff objected to the racial comments and the aggression. Mr. Frey also assaulted and battered Plaintiff by slamming her hand into a machine. Plaintiff then left the area.

Plaintiff called the police to report the assault and battery and the racial mistreatment. A policeman came to the scene and interviewed the witnesses. After the policeman reviewed the Convention Center's videotape, he ascertained that Mr. Davis and Mr. Frey had lied to him about who was aggressive during the incident. That same day, Mr. Davis terminated Plaintiff's employment.

Subsequent to Plaintiff's termination, she received jobs for other companies through the union also working at the Convention Center. While at these jobs, she was also subject to additional harassment from Mr. Davis and another white supervisor, Jeffrey Fugle. Plaintiff filed a *pro se* EEOC complaint, and the EEOC found cause. After the finding from the EEOC, a right to sue letter was issued, and Plaintiff timely filed this action.

Defendants' Statement

On July 11, 2005, Plaintiff was terminated by Rick Davis, Freeman's Freight Operations Manager, for insubordination, use of company property without authorization, failure to comply with the grievance procedure, disruption of the workplace and leaving

2

the show floor without permission. The actions leading to Davis' decision were witnessed by no fewer than eight fellow Teamster members, all of whom have provided written statements proving that Plaintiff was never assaulted by any of Freeman's employees.

While it is true that the police were called to investigate the disruption that Plaintiff caused on the date of her discharge, the police concluded that Freeman employees did nothing wrong and that nothing (including a surveillance tape) supported Plaintiff's allegations.

A few weeks later, Plaintiff was seen talking with Freeman personnel at a jobsite. As Plaintiff had been discharged, she had no authorization to be where she was. An off-duty police officer was asked to ascertain why she was on the premises. Plaintiff left the workplace as soon as the officer approached her. This is the incident upon which Plaintiff bases her meritless retaliation claim.

Freeman's actions were founded on the legitimate, non-discriminatory exercise of managerial discretion. At no time has Freeman retaliated against Plaintiff. Freeman and Frey deny each and every cause of action brought by Plaintiff.

**II.     RULE 16.3 REPORT**

1. **Status of Dispositive Motions**. The plaintiff does not believe that this action can be resolved by dispositive motion following discovery. The defendant believes that this action can be resolved by dispositive motion following discovery.

2. **Amended Pleadings**: The parties do not at this time anticipate that it will be necessary to join third parties or further amend the pleadings.

3. **Assignment to Magistrate Judge**: The parties do not consent to assignment of this case to a magistrate judge for any purpose other than mediation.

4. **Settlement Possibility**: The parties believe that mediation before a Magistrate Judge may be productive in this matter.

5. **Alternative Dispute Procedures**: The parties believe that alternative dispute resolution in the form of mediation may be productive in this matter.

6. **Dispositive Motions**: The parties believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 30 days of the filing of the dispositive motion, and that any reply should be filed within 21 days of the filing of the opposition.

7. **Initial Disclosures**: The parties agree to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(l) and that such disclosures shall occur by or before September 14, 2007.

8. **Discovery**. The parties request that they be provided until January 31, 2007 to complete discovery. The parties agree to limit the number of interrogatories to 25 per side. Given the number of witnesses in this case, the parties agree to limit the number of depositions to twenty (20) per side. The parties agree to have depositions limited to the seven (7) hour deposition time limit. The parties agree that requests for admissions are due on or before the close of discovery with answers to such requests due by no later than thirty days after the close of discovery. While the parties do not anticipate that a protective order will be necessary, the parties reserve the right to request that one be issued.

9. **Experts**: The parties believe that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified and that the parties will adhere to the requirements of Rule 26(a)(2).

10. **Class Action Procedures**: Not applicable.

11. **Bifurcation of Discovery or Trial**: The parties do not believe that bifurcation of this matter is necessary.

12. **Proposed Date for the Pretrial Conference**: The parties believe that a pretrial conference should be scheduled the week of July 7th-11th, 2008.

13. **Trial Date**: The parties believe that a trial date should be set at the initial scheduling conference.

The parties, pursuant to the Order for Initial Scheduling Conference and Rule 26(f) discussed electronic discovery, preservation of discoverable information, and assertions of privilege and believe that no special procedures are necessary on these issues at this time. The parties hereby certify that they believe all items required to be discussed by Rule 26(f) and LCvR 16.3 were addressed.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By:   _____/S/_____
Timothy F. Maloney D.C. Bar # 416522
Brian J. Markovitz, D.C. Bar # 481517
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
(301) 220-2200
(301) 220-1214 (facsimile)
*Attorneys for Plaintiff*

And

JACKSON LEWIS

_____/S/_____
Tyler A. Brown D.C. Bar # 480693
8614 Westwood Center Drive
Suite 950
Vienna, VA  22182
(703) 821-4301
(703) 821-2267 (facsimile)
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   **Case No. 1:07-CV-00908 ESH** |
| | : |
| THE FREEMAN COMPANIES, et al | : |
| | : |
| Defendants | : |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this \_\_\_ day of _____, 2007 hereby

ORDERED that the discovery period shall close on January 31, 2007, and it is further;

ORDERED that any dispositive motions shall be filed no later than 60 days after the close of discovery, any opposition thereto shall be filed no later than 30 days following the filing of the dispositive motion; and any reply shall be filed no later than 21 days following the filing of the opposition; and it is further;

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2) with plaintiff filing their expert statement thirty (30) days before defendants' expert statement is due; and it is further;

ORDERED that the parties are limited to 25 interrogatories and 20 depositions per side and that each deposition shall not be longer than 7 hours; and it is further

ORDERED that requests for admissions are due on or before close of discovery with responses due no later than thirty (30) days after discovery closes

```
                                        _____
                                        JUDGE ELLEN S. HUVELLE,
                                        U.S. District Court for the District of Columbia
```

Copies to:

Timothy F. Maloney, Esq.
Brian J. Markovitz, Esq.
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770

Tyler A. Brown
Jackson Lewis
8614 Westwood Center Drive
Suite 950
Vienna, VA  22182
(703) 821-4301
(703) 821-2267 (facsimile)
*Attorneys for Defendants*