UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE FREEMAN COMPANIES | ) Case No. 1:07-CV-00908 ESH ) ) |
| AND | ) ) |
| JAMES FREY | ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant Freeman Decorating Services, Inc. (erroneously sued herein as "The Freeman Companies") ("Freeman") and James Frey ("Frey") (collectively, Freeman and Frey shall be referred to as "Defendants"), by their counsel, hereby respond to Plaintiff's first amended complaint.

### JURISDICTION AND VENUE

1.   Paragraph 1 states a legal conclusion to which no response is required.

2.   Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiff resides in the District of Columbia and that Freeman does business in the District of Columbia.

### PARTIES

3.   Defendants deny the first sentence of Paragraph 3 for lack of information

and belief. Defendants admit Plaintiff was sent to work on Freeman jobs by Teamsters Local Union # 639 at various times until she was discharged on or about July 11, 2005. Defendants deny the remaining allegations in the second sentence of Paragraph 3 for lack of information and belief.

    4.    Defendants deny that the Freeman Companies is a Texas corporation trading as Freeman Decorating Services, Inc. Defendants admit Freeman Decorating Services, Inc. is doing business in the District of Columbia, and that its local office is located at 9900 Business Parkway, Lanham, MD 20706.

    5.    Defendants admit Frey lives in Baltimore, MD. Defendants deny the remaining allegations of Paragraph 5.

## FACTS

    6.    Defendants deny the allegations in paragraph 6 for lack of information and belief.

    7.    Defendants deny the allegations in paragraph 7 concerning her alleged work history with Freeman for lack of information and belief. Defendants deny Plaintiff was illegally terminated.

    8.    Defendants deny the allegations in paragraph 8 for lack of information and belief.

    9.    Defendants deny the allegations in paragraph 9 for lack of information and belief. Defendants deny that Plaintiff was referred to as a "black bitch" by members of management over the radio.

    10.    Defendants deny the allegations of the first three sentences of paragraph 10. For lack of information or belief, Defendants can neither admit nor deny the

allegations of the fourth sentence of paragraph 10 as to what Plaintiff believed.

11. Defendants admit that Plaintiff filed a grievance June 13, 2005 concerning a tradeshow on June 11, 2005, but deny any remaining allegations in paragraph 11, including that the grievance alleged racial discrimination.

12. Defendants admit the allegations of the first sentence of paragraph 12. Upon information and belief, Defendants deny the allegations of the second sentence of paragraph 12.

13. Defendants admit Frey was operating a forklift on the loading dock on or about July 11, 2005. Defendants deny the remaining allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants admit Plaintiff told Rick Davis ("Davis") that Frey was operating a forklift. Defendants deny the remaining allegations in paragraph 15.

16. Defendants admit Plaintiff was operating a forklift on or about July 11, 2005. Defendants deny the remaining allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants admit Plaintiff got off the forklift at some point and that Davis terminated her employment at some time thereafter. Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit Frey took the propane hook-up off the forklift at some point during this interaction. Defendants deny the remaining allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20 for lack of information and belief.

21. Defendants admit a police officer investigated the incident that day,

reviewed videotape footage of the area and that no arrests were made. Defendants deny the remaining allegations in paragraph 21.

22. Defendants deny the time alleged in paragraph 22 for lack of information and belief. Defendants admit Davis asked the Union's Business Agent to escort Plaintiff from the convention center because he had terminated her employment.

23. Defendants admit Plaintiff filed the grievances described in paragraph 23, but deny the substance of the grievances filed.

24. Defendants deny the allegations in paragraph 24 for lack of information and belief.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27 for lack of information and belief.

28. Defendants deny the allegations in the first sentence of paragraph 28. Defendants deny the remaining allegations in paragraph 29 for lack of information and belief.

29. Defendants denies Plaintiff has set forth the correct dates in the first two sentences in paragraph 29, but admits the stated actions occurred around those same dates. Defendant admits the remaining allegations of paragraph 29.

## COUNT I -- Race Discrimination -- DCHRA

30. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Paragraph 31 states a legal conclusion to which no response is required.

32. Defendants deny the allegations in the first sentence of paragraph 32. Defendants aver that the remaining allegations of the Complaint state a legal conclusion to which no response is required.

33. Defendants deny the allegations in paragraph 33.

### COUNT II -- Retaliation -- DCHRA

34. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Defendants deny the allegations in paragraph 35.

### COUNT III – Race Discrimination – Title VII

36. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Paragraph 37 states a legal conclusion to which no response is required.

38. Defendants deny the allegations in the first sentence of paragraph 38. Defendants aver that the remaining allegations of the Complaint state a legal conclusion to which no response is required.

39. Defendants deny the allegations in paragraph 39.

### COUNT IV -- Retaliation – Title VII

40. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 40 of the Complaint as if fully set forth herein.

41. Defendants deny the allegations in paragraph 41.

### COUNT V -- Assault

42. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

### COUNT VI -- Battery

48. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

### RELIEF REQUESTED

WHEREFORE, Defendants deny any liability for the conduct alleged and deny Plaintiff is entitled to any relief demanded in his Complaint.

### AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, estoppel, release, laches, set-off, or waiver.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rule, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, to the extent that discovery may show that Plaintiff engaged in misconduct prior to or during her employment.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons and were taken without regard to Plaintiff's race and without any retaliatory motive.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages.

WHEREFORE, Defendants respectfully request Plaintiff's claims be dismissed.

Respectfully submitted,

**JACKSON LEWIS LLP**

By:  /s/ _____
Tyler A. Brown
D.C. Bar No. 480693
Matthew F. Nieman
Admission *Pro Hac Vice* pending
8614 Westwood Center Drive
Suite 950
Vienna, VA 22182
(703) 821-2189
Fax: (703) 821-2267
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer to Complaint was served via U.S. First Class Mail, postage prepaid on this 29th day of October 2007, to:

>Brian J. Markovitz D.C. Bar No. 481517
>Timothy F. Maloney D.C. Bar No. 416522
>6404 Ivy Lane
>Suite 400
>Greenbelt, MD  20770
>(301) 220-2200
>Fax: (301) 220-1214
>*Attorneys for Plaintiff*

>/s/
>Tyler A. Brown